UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS M. KUCHER and JOYCE T. KUCHER,

                          **Plaintiffs,**

    **-against-**                                      **Case No: 1:12-CV-00169**

**EXCEEDING EXPECTATIONS, INC. D/B/A
LONGFELLOWS RESTAURANT AND INN, and
BRADLEY CORPORATION,**

                          **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

## I.   INTRODUCTION

Plaintiffs THOMAS M. KUCHER and JOYCE T. KUCHER move to remand this case to New York state court. Defendant BRADLEY CORPORATION opposes the motion, and Plaintiffs have filed a reply. For the reasons that follow, the motion is granted.

## II.   BACKGROUND

This action was commenced by Plaintiffs against Exceeding Expectations d/b/a Longfellows Restaurant and Inn ("Longfellows") in New York State Supreme Court, Saratoga County, for negligent maintenance of its plumbing and water systems. Plaintiffs alleged that Longfellows had provided a plumbing/water system containing a defective temperature control and/or mixing valve, thereby causing plaintiffs' injuries. Longfellows'

Answer alleged that Plaintiffs' injuries were caused by a non-party over whom Longfellows had no control.  Longfellows' Bill of Particulars further alleged that Bradley Corporation ("Bradley") manufactured a defective thermostatic mixing valve which allegedly resulted in Plaintiffs' injuries.

On October 5, 2011, Plaintiffs amended their Complaint to include causes of action against Bradley. The Amended Complaint alleges causes of action for defective design, strict products liability, failure to properly warn, breach of warranty, and common law negligence stemming from Bradley's design and manufacture of a thermostatic mixing valve allegedly used by Longfellows.  Longfellows cross-claimed against Bradley, asserting in its Answer that Bradley's defective design and/or manufacture of the thermostatic mixing valve used by Longfellows was the cause of Plaintiffs' injuries. Longfellow's further alleged that should a verdict be awarded against it, it is entitled to indemnification from Bradley.

Following service of Plaintiffs' Amended Complaint, Bradley filed a Petition to Remove the case to this Court on the basis of diversity jurisdiction. See, Dkt. No. 1. Bradley is a foreign corporation with its principal place of business located in Menomonee Falls, Wisconsin.  Plaintiffs have filed a Motion to Remand alleging that removal was improper under 28 U.S.C. §1441 as Longfellows is a New York State citizen. Plaintiffs further allege that Longfellows' failure to consent or join in the removal also serves as a basis to remand the matter back to Saratoga County Supreme Court.   Bradley opposes remand, asserting that identical claims have been raised by Plaintiffs and Longfellows against Bradley and, therefore, the interests of Longfellows and Plaintiffs are aligned.  As such, Bradley asserts, diversity jurisdiction remains a valid basis for removal and the

failure of Longfellows to consent or join in same is excused.

## III.     DISCUSSION

A party may remove an action from state court to federal court provided a United States district court would "have original jurisdiction" over the action. 28 U.S.C. § 1441. Removal jurisdiction may be founded on either federal question or diversity jurisdiction. See Paduano & Weintraub, LLP v. Wachovia Securities, 185 F. Supp. 2d 330, 332 (S.D.N.Y. 2002)(citing 28 U.S.C. §§ 1331 and 1332). The burden of establishing that a case falls within the Court's removal jurisdiction falls upon the removing party. Id.; 28 U.S.C. § 1446(a).  Because removal implicates concerns for comity, and the United States District Court is a court of limited jurisdiction, courts must "construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991); see also, Home Ins. Co. v. Leprino Foods Co., 2002 WL 1315599, at * 1 (S.D.N.Y. June 14, 2002)("In the Second Circuit, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.")(internal quotation marks and citations omitted). Under 28 U.S.C. § 1447(c), a district court may remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

As indicated above, Plaintiffs assert that the matter must be remanded to state court because (1) complete diversity does not exists inasmuch as Plaintiffs and Longfellows are New York citizens; and (2) Longfellows did not consent to removal, thereby violating the "rule of unanimity." See Gurney's Inn Resort & Spa Ltd. v. Benjamin,

743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010).[1]  Bradley asserts that Plaintiffs and Longfellows are aligned in their actual interests in this action, thereby preserving diversity and excusing non-compliance with the rule of unanimity.

> "In assessing the alignment of the parties, '[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants.' " *Garbers–Adams v. Adams,* No. 10–cv–726 (RPP), 2010 WL 2710622, at *2 (S.D.N.Y. July 8, 2010) (quoting *City of Indianapolis v. Chase Nat'l Bank of N.Y.,* 314 U.S. 63, 69, 62 S. Ct. 15, 86 L. Ed. 47 (1941)).  Instead, it is the duty of the Court "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis,* 314 U.S. at 69, 62 S. Ct. 15 (internal quotation marks and citation omitted).  The purpose of the realignment doctrine "is to ensure that the case truly involves the kind of adversarial relationship constitutionally required in a case or controversy in the federal courts." James W. Moore et al., *Moore's Federal Practice* ¶ 0.74[1], at 771 (2d ed. 1993) (cited with approval and quoted in *Md. Cas. Co. v. W.R. Grace & Co.,* 23 F.3d 617, 622 (2d Cir.1994)).
>
> To determine the proper alignment of the parties, the Second Circuit has adopted a "collision of interests" test, which "require[s] the existence of an actual, substantial controversy" between the parties. *Md. Cas. Co.,* 23 F.3d at 622. In other words, a court must "examine 'the realities of the record' to discover the 'real interests' of the parties," and must conclude "that there is a *bona fide* controversy between, as the statute commands, citizens of different states." *Id.* at 623 (quoting *City of Indianapolis,* 314 U.S. at 69, 62 S. Ct. 15). "This approach allows the courts 'to consider the multiple interests and issues involved in the litigation.' " *Garbers–Adams,* 2010 WL 2710622, at *2 (quoting *Md. Cas. Co.,* 23 F.3d at 622); *see also Fed. Ins. Co. v. Safeskin Corp.,* No. 98–cv–2194 (DC), 1998 WL 832706, at *1 (S.D.N.Y. Nov. 25, 1998) ("In *Maryland Casualty,* the Second Circuit adopted the 'collision of interests' test, which requires 'the existence of an actual, substantial controversy, or a collision of interests,' between citizens of different states. The Second Circuit rejected the 'primary purpose' test, which aligns parties in accordance with the 'primary dispute in the controversy.' Rather, the 'broader' and 'more flexible' 'collision of interests' test permits courts 'to consider the multiple interests and issues involved in

---

[1] "Additionally, '[a]lthough there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010) (quoting Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp.2d 367, 383 (S.D.N.Y.2006)).

> the litigation.' " (quoting *Md. Cas. Co.,* 23 F.3d at 622)). *See generally Fed. Ins. Co.,* 422 F. Supp.2d at 389 n. 20 (noting Circuit split on question of whether to apply "primary purpose" or "substantial dispute" test to determine realignment). Although diversity questions must be resolved "at the time of the filing of the complaint," the "collision of interests" test requires courts to "look[ ] to the actual interests of the parties at that time." *Oppenheimer & Co., Inc. v. Neidhardt,* No. 93–cv–3854 (SS), 1993 WL 546673, at *4 (S.D.N.Y. Dec. 30, 1993).

Gurney's Inn, 743 F. Supp. 2d at 121-22.

Although Bradley asserts that Plaintiffs were aware of the potential claims against it at the time they brought their action against Longfellows, and despite that Longfellows asserts that Bradley is solely responsible for any injury sustained by Plaintiffs, the interests of Plaintiffs and Longfellows are not so closely aligned as to negate the existence of a case or controversy between Plaintiffs and Longfellows. Plaintiffs' negligence claims against Bradley are not mutually exclusive of their products liability claims against Longfellows, and each set of claims against the two defendants are actual and substantial controversies.  Each set of claims could proceed on its own. Simply stated, there exists as much of an actual case or controversy between Plaintiffs and Longfellows as there does between Plaintiffs and Bradley.[2]  Longfellows' cross-claim and claim for indemnification does not change this conclusion.

Therefore, the Court finds that alignment of Plaintiffs and Longfellows' claims is not warranted.  Because Plaintiffs and Longfellows are New York citizens, complete diversity does not exist such to invoke jurisdiction pursuant to 28 U.S.C. § 1332.   Plaintiffs' motion to remand this action to New York state court must be granted for lack of subject matter

---

[2]The Court notes that there is no claim of fraudulent joinder in this case.  Fraudulent joinder occurs when, for the purposes of destroying diversity jurisdiction, a plaintiff joins a party who has no real connection with the controversy.

5

jurisdiction.[3]

## V.     CONCLUSION

For the reasons discussed above, Plaintiffs' motion to remand this action to New York state court [dkt. # 6] is **GRANTED**, and the action is remanded to the New York Supreme Court, County of Saratoga, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**

**Dated:** May 17, 2012

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3]There is no reason to address Plaintiffs' argument under the rule of unanimity, but, for the reasons discussed above, that would provide another basis to remand this action. See Gurney's Inn, 743 F. Supp. 2d at 120 ("[C]ourts also have excused noncompliance with the rule of unanimity where the parties were misaligned, and the defendants who did not join in the removal were more properly aligned with the interests of the plaintiffs than with those of the defense.").

6