UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS M. KUCHER and JOYCE T. KUCHER,

                          **Plaintiffs,**

    -against-                                               Case No: 1:12-CV-00169

EXCEEDING EXPECTATIONS, INC. D/B/A
LONGFELLOWS RESTAURANT AND INN, and
BRADLEY CORPORATION,

                          **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

Defendant Bradley Corporation moves for reconsideration of this Court's May 17, 2012 Decision and Order that remanded the case to the New York State Supreme Court, Saratoga County. Plaintiffs oppose reconsideration and maintain that the case was properly remanded.

**II.    BACKGROUND**

This action was commenced by Plaintiffs against Exceeding Expectations d/b/a Longfellows Restaurant and Inn ("Longfellows") in New York State Supreme Court, Saratoga County, for negligent maintenance of its plumbing and water systems. Plaintiffs alleged that Longfellows had provided a plumping/water system containing a defective

1

temperature control and/or mixing valve, thereby causing plaintiffs' injuries. Longfellows' Answer alleged that Plaintiffs' injuries were caused by a non-party over whom Longfellows had no control. Longfellows' Bill of Particulars further alleged that Bradley Corporation ("Bradley") manufactured a defective thermostatic mixing valve which allegedly resulted in Plaintiffs' injuries.

On October 5, 2011, Plaintiffs amended their Complaint to include causes of action against Bradley. The Amended Complaint alleges causes of action for defective design, strict products liability, failure to properly warn, breach of warranty, and common law negligence stemming from Bradley's design and manufacture of a thermostatic mixing valve allegedly used by Longfellows. Longfellows cross-claimed against Bradley, asserting in its Answer that Bradley's defective design and/or manufacture of the thermostatic mixing valve used by Longfellows was the cause of Plaintiffs' injuries. Longfellow's further alleged that should a verdict be awarded against it, it is entitled to indemnification from Bradley.

Following service of Plaintiffs' Amended Complaint, Bradley filed a petition to remove the case to this Court. <u>See</u>, Dkt. No.1. Plaintiffs filed a Motion to Remand alleging that removal was improper under 28 U.S.C. §1446(b)(2)(A) because Longfellows failed to consent or join in the removal. Plaintiffs also asserted that removal was improper under 28 U.S.C. § 1441(b)(2) because Longfellows is a New York State citizen. Bradley opposed remand, asserting that identical claims have been raised by Plaintiffs and Longfellows against Bradley and, therefore, the interests of Longfellows and Plaintiffs are aligned such to allow removal.

**III.    RECONSIDERATION**

The Court mistakenly interpreted Bradley's re-alignment of interests argument as a basis to excuse both complete diversity and §1446(b)(2)(A)'s consent or joinder requirement,[1] but in fact complete diversity exists even without re-alignment of the parties. Thus, to the extent the Court's prior decision was based in part upon this misconception, reconsideration is proper and the motion for reconsideration is granted. The Court's May 17, 2012 Decision and Order is vacated.

**IV.    DISCUSSION**

The Court now turns to a de novo analysis of the remand issue.  The Court starts with the proposition that, because removal implicates concerns for comity and the United States District Court is a court of limited jurisdiction, the Court must "construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991); see also, Home Ins. Co. v. Leprino Foods Co., 2002 WL 1315599, at * 1 (S.D.N.Y. June 14, 2002)("In the Second Circuit, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.")(internal quotation marks and citations omitted).

Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or

---

[1] Bradley's Memorandum of Law argued: "[A]s identical claims have been raised by plaintiffs and co-defendant Longfellows against Bradley Corp., the interests of Longfellows and plaintiffs are aligned. As such, diversity jurisdiction remains a valid basis for removal and the failure of Longfellow's to consent or join in same is excused." Bradley's MOL in Opp., dkt. # 7, p. 3; and, "Regardless of how a case is pled, the Court should realign the parties according to their interests in the underlying dispute to ascertain whether diversity jurisdiction, and removal based on same, is proper." id. p. 4; and cited to cases applying a realignment argument to the issues of diversity and §1446(b)(2)(A)'s consent or joinder requirement. See e.g. Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp.2d 117 (E.D.N.Y. 2010).

3

consent to the removal of the action." This consent or joinder may be excused when the interests of a non-consenting or non-joining defendant are aligned with the plaintiff. The courts in the Second Circuit apply a "collision of interests" test to determine whether re-alignment of a defendant with a plaintiff is proper. See Gurney's Inn, 743 F. Supp. 2d at 121-22. Under this test, courts look at the actual interests of the parties in the litigation to determine whether various parties' interests are so similar that it can be concluded that they are aligned in the litigation regardless of whether they are denominated as plaintiffs or defendants. Id.

Although Bradley asserts that Plaintiffs were aware of the potential claims against it at the time they brought their action against Longfellows, and despite that Longfellows asserts that Bradley is solely responsible for any injury sustained by Plaintiffs, the interests of Plaintiffs and Longfellows are not so closely aligned as to negate the existence of a case or controversy between Plaintiffs and Longfellows. Plaintiffs' negligence claims against Longfellows are not mutually exclusive of their products liability claims against Bradley, and each set of claims against the two defendants are actual and substantial controversies. Each set of claims could proceed on its own. Simply stated, there exists as much of an actual case or controversy between Plaintiffs and Longfellows as there does between Plaintiffs and Bradley. Longfellows' cross-claim and claim for indemnification does not change this conclusion. The Court finds that re-alignment of Plaintiffs and Longfellows is not warranted. That being the case, there is no basis to excuse compliance with §1446(b)(2)(A)'s consent or joinder requirements.

Moreover, and even if Plaintiffs and Bradley's interests could be aligned for purposes of §1446(b)(2)(A), § 1441(b)(2) prohibits removal in this case. This provides:

> (b) Removal based on diversity of citizenship.
>
> * * *
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

There is no dispute that the action was brought in New York and that Longfellows is a New York citizen. Thus, removal was not proper under 28 U.S.C. § 1441(b)(2).

## V. CONCLUSION

For the reasons discussed above, Bradley's motion for reconsideration [dkt. # 12] is **GRANTED** and the Court's May 17, 2012 Decision and Order is **VACATED.** Upon reconsideration of Plaintiffs' motion to remand this action to New York state court [dkt. # 6], the motion is **GRANTED** and this action is **REMANDED** to the New York Supreme Court, County of Saratoga, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**

**Dated:** August 13, 2012

Thomas J. McAvoy
Senior, U.S. District Judge